UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN T. KEEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1448 JAR |
| ) | |
| DANNY CLAYBORNE, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, upon review, this action is dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff, a civil detainee at Fulton State Hospital, brings this action against Danny Clayborne, Jr., Detective, St. Louis County; Unknown Jones, Police Officer, St. Louis County; the St. Louis County Jail; Unknown John and Jane Does Jail Staff at St. Louis County Jail; Patrick Brayer, Assistant Public Defender; and Fulton State Hospital.

Plaintiff alleges that while he was in the St. Louis County Jail, he was threatened by John and Jane Doe correctional officers and was not allowed to file grievances. He also alleges his cell did not have water and he was punished for trying to get drinking water from other inmates.

Plaintiff claims he met a woman, Ms. Saddler, at a nightclub. He says her real name is Ms. Jones and that defendant Jones is her father. He asserts that defendant Clayborne told him he raped Ms. Jones and he was going to frame plaintiff for the crime. He alleges that Clayborne and Ms. Jones were involved with a child kidnapping. He claims Ms. Jones would take him to nightclubs and Clayborne would be there. He says, "[Ms.] Saddler is the victim. She need [sic] you to help her please. Can you help her please. [sic] I am begging you to help her please." He repeatedly requests that the Court help Ms. Saddler throughout the complaint. He says she "is being used to set up men."

The state required plaintiff to undergo a mental examination during his criminal proceedings. A forensic examiner found that plaintiff was mentally incompetent to stand trial, and he was transferred to Fulton State Hospital for psychiatric care. He says the diagnosis is false and that he has no history of mental illness.

Plaintiff alleges defendant Brayer did not do any investigation in his criminal case, coerced him into pleading guilty, and did not object to the forensic examiner's findings.

In his request for relief, plaintiff asks the Court to help Ms. Saddler because she is being used. He says he is not requesting relief on his own behalf.

**Discussion**

The Court is not a law enforcement or investigative institution. It cannot, therefore, grant plaintiff's requested relief, and the complaint must be dismissed. Moreover, even if plaintiff had requested relief on his own behalf, the Court would still dismiss the complaint.

An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff's allegations regarding Clayborne and Jones appear to have no basis in fact and may be delusional, thus these defendants must be dismissed.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's allegations against Brayer are legally frivolous.

Plaintiff's claims against the St. Louis County Jail and Fulton State Hospital are nut suable entities and are legally frivolous. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state department entitled to immunity).

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose

3

name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has not alleged sufficiently specific allegations against the John and Jane Doe defendants to identify them in discovery. Therefore, the complaint does not state a claim against them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 13th day of September, 2016.

                                                    JOHN A. ROSS
                                                   UNITED STATES DISTRICT JUDGE